UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company, as subrogee of Darius Kloska,<br><br>             Plaintiff,<br><br>  v.<br><br>TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc.,<br><br>             Defendant. | Case No.   1:23-cv-00809 |

## COMPLAINT

NOW COMES Plaintiff, Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company, as subrogee of Darius Kloska ("Frankenmuth"), by and through its undersigned counsel, and for its Complaint against Defendant, TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. ("TTI"), alleges and states with respect as follows:

### NATURE OF THE ACTION

1. This is a subrogation action brought by Frankenmuth, the property insurance carrier for its insured, Darius Kloska ("Kloska"), who suffered a fire at his home due to the failure of a Ryobi extended-life 18V lithium-ion battery (the "Ryobi battery(ies)" or "battery(ies)") used in a Ryobi ONE+ 18V Cordless 5 inch Random Orbit Sander (the "Ryobi sander" or "sander"), which occurred at 526 Church Street, in Wayland, Michigan (the "Property") on November 11, 2021.

2. Frankenmuth brings this action to recover from Defendant the insured payments Frankenmuth made to Kloska for this fire loss, which caused significant personal property damage, as well as the uninsured losses Kloska sustained in this fire.

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different States and the amount in controversy is in excess of $75,000.

4. Venue in this judicial district is proper inasmuch as the property that sustained damage complained of herein is located within this judicial district.

5. At all relevant times, Defendant conducted, and continues to conduct, a substantial amount of business activity and has committed a tort, in whole or in part, in this judicial district.

**PARTIES**

6. Frankenmuth is a property insurance carrier with its principal place of business located at One Mutual Avenue, in Frankenmuth, Michigan, and at all times relevant was authorized to issue policies of insurance in the State of Michigan.

7. At all times relevant, Kloska was a homeowner residing at the Property in Wayland, Michigan.

8. TTI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Innovation Way, Anderson, South Carolina.

9. TTI is a consumer power tool manufacturer that uses the Ryobi trade name.

10. Among other things, TTI manufactures Ryobi lithium-ion batteries and a Ryobi orbit sander.

**GENERAL ALLEGATIONS**

11. On May 30, 2021, Kloska placed an online order for a two-pack of Ryobi ONE+ 18V lithium-ion 4.0 Ah compact batteries with a charger kit and Cordless 5 in. Random Orbit Sander from Home Depot under Order Number WD73817939.

12. TTI provided a three year limited Warranty (the "Warranty") with the products Kloska purchased. A true and correct copy of the Warranty is attached hereto as Exhibit A.

13. At all relevant times, Kloska properly used and maintained the battery and sander according to the operator's manual.

14. On November 11, 2021, around 1:30 a.m., a fire started within one of the Ryobi batteries for the Ryobi sander, causing catastrophic damage to Kloska's home and personal property (the "fire").

15. At the time of the fire, the Ryobi battery and sander were located on Kloska's tool bench in the basement of his home.

16. The battery for the sander was energized but was not charging at the time of the fire.

17. Extensive investigation revealed that the fire originated within the cells of the battery. An internal thermal failure in the battery caused the ejection of the contents of the battery cell. The contents of the battery cell spread outward to surrounding combustible materials, igniting same and caused the fire that led to catastrophic damage to Kloska's home and personal property.

18. The battery was unreasonably defective, hazardous, and susceptible to cause fires because of an internal defect within its cells that made it prone to failure and ejection of its combustible contents. The battery also did not have appropriate safeguards to prevent internal thermal failures.

19. The battery was defective when it left the care and control of TTI.

20. Due to the fire, Kloska suffered damages to his dwelling, personal property, and loss of use in excess of $75,000.

21. At all relevant times, Frankenmuth issued a policy of insurance, Policy Number HP 5074039 (the "Policy"), to Kloska, which provided coverage for losses sustained to his Property, the personal property located at his home, and loss of use. At all relevant times, the Policy was in full force and effect.

22. Kloska made a claim to Frankenmuth under this Policy, and pursuant to its obligations under the Policy, Frankenmuth reimbursed him for a portion of the damages arising from the fire in an amount of at least $75,000 (the "Subject Loss").

23. Frankenmuth, to the extent of the payments made to Kloska, is the bona fide legal, contractual, and equitable subrogee of the rights of Kloska with respect to the Subject Loss.

## COUNT I
## Breach of Express Warranty

24. Plaintiff repeats and realleges all of the foregoing allegations in paragraphs 1 through 23, as though fully set forth herein.

25. TTI's Warranty expressly states: "This warranty covers all defects in workmanship or materials in your RYOBI® power tool for a period of three years from the date of purchase. With the exception of batteries, power tool accessories are warranted for ninety (90) days. Batteries are warranted for three years."

26. On the date of the fire, the Ryobi battery and sander were still covered by the express terms of the Warranty when the battery failed and caused a fire in the Property, resulting in catastrophic damage to Kloska's home and personal property.

27. The Warranty provides for, among other things, repair and replacement of the covered components during the Warranty period.

28. Due to the catastrophic nature of the fire caused by the failure of the Ryobi battery, it was not possible for Kloska to secure any meaningful service or maintenance from TTI pursuant

4

to the terms of the express Warranty to remedy the failures of these warranted components and parts.

29. Kloska and Frankenmuth jointly submitted a warranty claim to TTI for the damage resulting from the failures of covered components under the warranty.

30. TTI improperly denied that warranty claim and/or otherwise failed to reimburse Kloska for the damages suffered as a result of the failures of these covered components, including the Ryobi battery and sander under the Warranty.

31. TTI materially breached the terms of the express warranty by failing to reimburse Kloska for these amounts resulting from the failure of components covered by the terms of the Warranty.

WHEREFORE, Plaintiff, Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company, as subrogee of Darius Kloska, requests that judgment be entered in its favor and against TTI on Count I in an amount to be proven at trial, together with the costs of this action and any other such relief this Court deems equitable and just.

## COUNT II
**Negligence**

32. Plaintiff repeats and realleges all of the foregoing allegations in paragraphs 1 through 31, as though fully set forth herein.

33. TTI designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the Ryobi batteries and sander.

34. At all relevant times, TTI owed Kloska a duty to use reasonable care in the design, manufacturing, assembly, and sale of its batteries, so that the batteries were safe and free of defects.

35. Defendant, TTI, breached its aforesaid duties in one or more of the following ways:

    a. failed to design its batteries in a reasonably safe manner;

      b.      failed to manufacture its batteries in a reasonable safe manner;

      c.      failed to sufficiently safety test its batteries for use by consumers before placing them into the stream of commerce;

      d.      failed to sufficiently conduct failure modes and effects analysis testing during the design phase of its batteries to ensure the batteries fail safely while used by consumers; and

      e.      otherwise failed to use due care under the circumstances.

36. As a direct and proximate result of TTI's negligence, carelessness, and recklessness, the Fire occurred, causing substantial damage to Kloska's real and personal property.

WHEREFORE, Plaintiff, Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company, as subrogee of Darius Kloska, requests that judgment be entered in its favor and against TTI on Count II in an amount to be proven at trial, together with the costs of this action and any other such relief this Court deems equitable and just.

## Count III
### Breach of the Implied Warranty of Merchantability

37. Plaintiff repeats and realleges all of the foregoing allegations in paragraphs 1 through 36, as though fully set forth herein.

38. At all relevant times, Section 440.2314 of the Uniform Commercial Code (the "UCC") was in force and effect and stated that a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to the goods of that kind.

39. TTI is a seller/merchant of consumer power tools under Michigan's UCC.

40. The goods provided by TTI carry an implied warranty that the goods shall be merchantable with respect to goods of that kind.

41. No agreement or writing between TTI and Kloska limited the application of the UCC's implied warranty of merchantability.

42. The products TTI provided to Kloska were not fit for the ordinary purpose for which such goods are used because they have can fail without warning resulting in catastrophic fire loss despite ordinary use by consumers consistent with the operator's manual.

43. TTI breached the implied warranty of merchantability by providing a defective product to Kloska in the form of defective lithium-ion batteries that can fail and cause catastrophic fire losses without warning.

44. Plaintiff has been damaged as a result of TTI's breach of the implied warranty of merchantability.

45. Each of the above-referenced acts and omissions, singularly or in combination with others, constitutes breach of implied warranties, which proximately caused Plaintiff's damages.

WHEREFORE, Plaintiff, Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company, as subrogee of Darius Kloska, requests that judgment be entered in its favor and against TTI on Count III in an amount to be proven at trial, together with the costs of this action and any other such relief this Court deems equitable and just.

## Count IV
### Breach of the Implied Warranty of Fitness for a Particular Purpose

46. Plaintiff repeats and realleges all of the foregoing allegations in paragraphs 1 through 45, as though fully set forth herein.

47. At all relevant times, Section 440.2316 of the UCC was in force and effect and stated that where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under s. 440.2316 an implied warranty that the goods shall be fit for such purpose.

48. TTI is a seller/merchant of consumer power tools and batteries under Michigan's UCC.

49. TTI had an obligation to provide suitable goods that are fit for their intended particular purpose, which is consumer use.

50. TTI knew or should have known at the time of contracting that Kloska's products had the purpose of being used by a consumer for typical home improvement work.

51. At the time of contracting, TTI knew or should have known that Kloska was relying on TTI to utilize its skill in manufacturing consumer power tools to provide Kloska with a safe product.

52. By providing Kloska with a product that catastrophically failed without warning despite his use consistent with the operator's manual, TTI breached the implied warranty of fitness for a particular purpose.

53. Plaintiff has been damaged as a result of TTI's breach of the implied warranty of fitness for a particular purpose.

54. Each of the above-referenced acts and omissions, singularly or in combination with others, constitutes breach of implied warranties, which proximately caused Plaintiff's damages.

WHEREFORE, Plaintiff, Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company, as subrogee of Darius Kloska, requests that judgment be entered in its favor and against TTI on Count IV in an amount to be proven at trial, together with the costs of this action and any other such relief this Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Frankenmuth demands trial by jury for all of the issues pled so triable.

Dated: July 31, 2023

Respectfully submitted,

Frankenmuth Insurance Company f/k/a Frankenmuth Mutual Insurance Company, as subrogee of Darius Kloska

By: /s/ Matthew F. Policastro
      One of Its Attorneys

Matthew F. Policastro (P85330)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100
(312) 706-9745 (fax)
mpolicastro@cozen.com